# Exhibit 21



New York Office
15 W. 26th Street, 7th Floor
New York, New York 10010
Phone: 212-529-5131
Fax: 212-529-5132

California Office
450 Sansome Street, Suite 1005
San Francisco, California 94111
Phone: 415-738-6228
Fax: 415-738-2315

www.mkwllp.com

Jason R. Bartlett
(415) 738-6334
jbartlett@mkwllp.com

October 20, 2022

Thomas C. Werner, Esq. (TWerner@irell.com)
Yanan Zhao, Esq. (YZhao@irell.com)
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

VIA EMAIL

Re:  *Netlist, Inc. v. Samsung Electronics Co., LTD. et al.* (E.D. Tex.)

Counsel:

We are in receipt of two subpoenas purportedly directed to Montage Technology Co., Ltd. by way of service on a subsidiary, Montage Technology, Inc.

As Netlist knows, Montage Technology Co., Ltd. is a Chinese corporation located in Shanghai and Montage Technology, Inc. is a California corporation located in San Jose. Montage Technology, Inc. is a subsidiary of Montage Technology Co., Ltd.

Montage Technology, Inc. has produced various documents relating to the corporate structure of the Montage entities, including a Service Agreement (MON 1374-1385) between it and Montage Technology Macao Commercial Offshore Ltd.  That entity is a subsidiary of Montage Technology Holding Company Limited (Cayman), which is a subsidiary of Montage Technology Co., Ltd.

The Service Agreement states that Montage Technology, Inc. is an independent contractor and that the parties are not agents of each other (Art. 19).  Montage Technology, Inc. is also not otherwise authorized to accept service on behalf of Montage Technology Co., Ltd.  Likewise, MKW LLP is not authorized to accept service on behalf of Montage Technology Co., Ltd.

Of course, service on a subsidiary does not effectuate service on a parent company. Moreover, Montage Technology Co., Ltd. does not conduct business in the Northern District of California, nor does it have sufficient contacts to be amenable to personal jurisdiction in the District, so the subpoena could not be enforced even if service was somehow deemed

Mauriel Kapouytian Woods LLP
October 20, 2022
Page 2 of 2

proper.  Additionally, Montage Technology Co., Ltd. is a resident of Shanghai, so the purported places for compliance (San Jose and San Francisco) are approximately 6,000 miles away, far more than the 100 miles allowed by Rule 45(c).  We also note that the subpoenas ignore well-established conventions and procedures relating to obtaining discovery from foreign companies, including companies in China.

For at least these reasons, service of the subpoenas is ineffective under Rule 45(b).  Nevertheless, if Netlist believes that it has properly served Montage Technology Co., Ltd., please provide a detailed written explanation for its position, including citations to facts and case law.  That would include citations for the proposition that foreign companies are subject to discovery under Rule 45 in the first place.  *See Viasat, Inc. v. Space Sys./Loral, LLC*, 2014 WL 12577593, at *5 (S.D. Cal. June 30, 2014) (a foreign corporation "is not a United States national or resident and therefore cannot be served with a subpoena under Rule 45.").

Because the subpoenas have not been properly served, there is no need for Montage Technology Co., Ltd. to provide written responses or objections, but it reserves its right to do so in the unlikely event that Netlist can show that service is proper.

Additionally, the subpoenas are not directed to Montage Technology, Inc., so no response is required.  But to the extent written objections to the subpoenas are required of Montage Technology, Inc., the objections to the substantively identical subpoenas to it are incorporated by reference.

    Sincerely,

    *Jason R. Bartlett*