UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>MONTAGE TECHNOLOGY, INC., et al.,<br><br>        Defendants. | Case No. 22-mc-80337-VKD<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 2, 3, 20, 22 |

In connection with plaintiff Netlist, Inc.'s ("Netlist") motion to compel Montage Technology Co., Ltd.'s and Montage Technology, Inc.'s (collectively, "Montage") compliance with subpoenas for deposition testimony for use in a patent infringement action, the parties filed exhibits and briefing conditionally under seal, accompanied by administrative motions to consider whether the material should be sealed.

I.  **LEGAL STANDARD**

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.

1  *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

2  **II.    DISCUSSION**

3      The parties' motions to seal concern information disclosed in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the underlying claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

    **A.    Netlist's Motions**

    Netlist filed a motion pursuant to Civil Local Rule 79-5(c), requesting that the Court keep sealed three exhibits attached to its motion to compel that it has designated as confidential. Dkt. No. 2. Specifically, Netlist asks the Court to keep sealed Exhibits 24, 35, and 37. *Id.* at 2. Netlist represents that Exhibit 24 "reflects confidential information Netlist received . . . from defendants Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc., and Samsung Electronics America, Inc." *Id.* Netlist says that Samsung "keeps the redacted information confidential during its ordinary course of business" and that its disclosure "may result in harm to Samsung's competitive advantages." *Id.* Netlist says that Exhibits 35 and 37 "contain confidential, non-public information" regarding meetings and voting records of the JEDEC[1] Solid State Technology Association. *Id.* Netlist says that the meetings of JEDEC are "generally kept confidential during its ordinary course of business" and that "JEDEC ballots and meeting minutes are ordinarily available only to registered members of JEDEC." *Id.* Finally, Netlist states that its request is narrowly tailored and that a less restrictive alternative to keeping these exhibits sealed is not sufficient. *Id.* at 3.

    The Court agrees and finds that good cause exists to seal Exhibits 24, 35, and 37. *Kamakana*, 447 F.3d at 1179–80; Civil L.R. 79-5(c). As these exhibits are already under seal on the docket, no further action is required.

    Netlist also filed two motions pursuant to Civil Local Rule 79-5(f) requesting that the Court consider whether material designated as confidential by Montage be sealed. Dkt. Nos. 3, 22. Specifically, Netlist asks the Court to consider material Montage has designated confidential

---

[1] "JEDEC" previously stood for Joint Electron Device Engineering Council. *See* JEDEC History, JEDEC, https://www.jedec.org/about-jedec/jedec-history (last visited Mar. 1, 2023).

contained within Netlist's motion, in Netlist's reply brief, and in Exhibits 19, 20, 22, and 31 attached to its motion. Local Rule 79-5(f) requires that, within seven days of the filing of the administrative motion, the designating party must file a statement and/or declaration explaining "the legitimate private or public interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(f)(3).

As Netlist notes, "pursuant to Civil Local Rule 79-5(f), Montage bears the responsibility" to establish that the material it has designated confidential is sealable." Dkt. No. 3 at 2; Dkt. No. 22 at 2. As Montage filed no response to either of Netlist's administrative motions, the Court has no basis to conclude that good cause exists to seal the material. Accordingly, Netlist may file unredacted versions of its motion and reply brief, and Exhibits 19, 20, 22, and 31 on the public docket, not sooner than four days from the date of this order.

### B. Montage's Motion

Montage filed a motion pursuant to Civil Local Rule 79-5(c), requesting that the Court seal one exhibit attached to its opposition to Netlist's motion to compel that it has designated as confidential. Dkt. No. 20. Specifically, Montage asks the Court to seal Exhibit B. *Id.* at 2. Montage represents that Exhibit B "is a confidential data sheet which Montage Technology produced to Plaintiff in connection with its subpoenas [that] . . . contains technical information about Montage products which Montage maintains confidential and does not disclose to third parties except pursuant to nondisclosure agreements." *Id.* Montage says that "disclosure of this document would cause Montage competitive harm." *Id.*

The Court agrees and finds that good cause exists to seal Exhibit B attached to Montage's opposition to Netlist's motion to compel. *Kamakana*, 447 F.3d at 1179–80; Civil L.R. 79-5(c); *see also Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-2549-WHA (NJV), 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) (sealing records where disclosure could cause competitive harm). As this exhibit is already under seal on the docket, no further action is required.

### III. CONCLUSION

The Clerk of the Court shall seal Exhibits 24, 35, and 37 to Netlist's motion (Dkt. Nos. 2-

1    3, 2-4, 2-5).  The Clerk of the Court shall also seal Exhibit B to Montage's opposition to Netlist's

2    motion (Dkt. No. 20-3).

3          Montage may file unredacted versions of its motion and reply brief, and Exhibits 19, 20,

4    22, and 31 (Dkt. Nos. 3-4, 3-5, 3-6, 3-7) on the public docket, not sooner than four days from the

5    date of this order.

6          **IT IS SO ORDERED.**

7    Dated: March 1, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge